UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 15-003S |
| | : | |
| ALFRED PERRY | : | |

REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

      This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter.  In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a revocation hearing was held on June 7, 2016 at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation.  At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Chief Judge William E. Smith.

      **Background**

      On June 1, 2016, the Probation Office petitioned the Court for the issuance of an arrest warrant.  On June 2, 2016, the District Court reviewed the request and ordered the issuance of an arrest warrant.  Defendant appeared before the Court and admitted to the charged violation on June 7, 2016.

      **Violation No. 1: While on supervision, Defendant shall not commit another federal, state or local crime.**

> On May 27, 2016, Defendant committed the offense of Domestic-Simple Assault/Battery as evidenced by his arrest by the Charlestown Police Department on that day.[1]

As Defendant has admitted this charge, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two-years' imprisonment upon revocation.

---

[1] Defendant was also charged with possession of a controlled substance (suboxone) but that charge was later dismissed because Defendant had a valid prescription.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. There has been a total of thirty days' imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the thirty days previously imposed, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court

may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade C violation. Therefore, the Court may revoke, extend or modify the conditions of supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. Neither provision applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is a restitution balance of $12,930.80.

Section 7B1.4(a) provides that the Criminal History Category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a Criminal History Category of VI at the time of sentencing. Should the Court revoke supervised release, the Revocation

Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation and has a Criminal History Category of VI. Therefore, the applicable range of imprisonment for this violation is eight to fourteen months.

Section 7B1.5(b) provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

In 2007, Defendant was convicted in the District of Massachusetts of stealing firearms from a licensed dealer. He received a ninety-six month sentence and commenced a thirty-six month term of supervised release on March 28, 2014. Defendant received a thirty-day violation sentence on September 4, 2014 for noncompliance, primarily related to substance abuse issues.

He recommenced supervised release on September 16, 2014. After completing a stint at the Coolidge House, jurisdiction was transferred to this District on January 13, 2015 and Defendant was accepted into the HOPE Court program. Defendant participated in HOPE Court for approximately sixteen months. He reportedly made some progress in HOPE Court and diligently attempted to address his addiction issues. He had secured regular employment and was participating in a medication-assisted, drug-treatment program.

On May 27, 2016, Defendant was arrested in Charlestown, Rhode Island, and charged with domestic assault. The charge triggered this violation case, and Defendant's separation from HOPE Court. The circumstances of his arrest are troubling. In the early morning hours of Friday, May 27, 2016, Charlestown police responded to a report of domestic assault at the residence of a thirty-three year old adult female. Also present were Defendant, the female's ex-husband, and their seven year old son. According to the police report, police had responded to the home approximately thirty minutes earlier because Defendant had short-changed a taxi driver. Defendant was in some form of

a relationship with the female but apparently was uninvited and unwelcome when he arrived at her home that night. According to the police report, the female victim was "crying hysterically" on the scene and stated that Defendant "never hit me like this before." She wanted Defendant out of her house but did not want him to go to jail. The seven year old boy spoke to police and said that the victim's and Defendant's yelling woke him up. He told the officer that he saw Defendant punching the victim, his mother, in the face and later dragging her by her hair into another room.

Defendant has admitted to this violation charge. Since domestic assault is a misdemeanor under Rhode Island law, this is a Grade C case, and the guideline range is eight to fourteen months. Defendant admitted to the violation in the context of a "plea agreement" on a joint sentencing recommendation. The parties propose a six-month term of imprisonment to be followed by twenty-four months of supervised release with the special conditions enumerated below including a three-month period on a curfew with GPS electronic monitoring and a victim no-contact order. While this conduct could arguably support a more severe sentencing recommendation, I am hesitant to reject the parties' agreed recommendation. The Government explained that the below-guideline sentence was intended to give Defendant "credit" for accepting responsibility and also was motivated by the desire to avoid the need to present the victim and/or her young son as a witness to prove the violation case. On balance, I find the Government's rationale to be reasonable and conclude that the six-month sentence is adequate punishment under these circumstances.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), I recommend that Defendant be committed to the Bureau of Prisons for a term of six months' incarceration to be followed by a term of supervised release for a period of twenty-four months with the first three months of supervised release to be served on a curfew with GPS monitoring and Defendant restricted

to his residence every day from 6:30 a.m. to 6:30 p.m. Exceptions to the schedule are employment, education, religious services, medical treatment, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations or other activities pre-approved by the Probation Office. I further recommend that Defendant be ordered to comply with the following special conditions:

1.   Defendant shall participate in a program of substance abuse treatment (inpatient or outpatient) as directed and approved by the Probation Office. Defendant shall contribute to the costs of treatment based upon ability to pay as determined by the Probation Office.

2.   Defendant shall participate in a program of substance abuse testing (up to seventy-two drug tests per year) as directed and approved by the Probation Office. Defendant shall contribute to the costs of such testing based on ability to pay as determined by the Probation Office.

3.   Defendant shall participate in a mental health treatment program as directed and approved by the Probation Office. Defendant shall contribute to the costs of such treatment based on his ability to pay as determined by the Probation Office.

4.   Defendant shall have no contact with the victim, Ms. Kelly Comolli, unless approved in advance by the Probation Office.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed. R. Crim. P. 59(b)(2); Local Rule Cr. 57.2(d)(1). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 28, 2016